# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BRADLEY MOORE, | : | Case No. 3:12-cv-76 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Michael J. Newman |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's Memorandum in Opposition (doc. 10), the administrative record (doc. 6), and the record as a whole.[2]

## I. BACKGROUND

### A. Procedural History

Plaintiff previously applied for SSI and Disability Insurance Benefits ("DIB") in March 2006, alleging a disability onset date of April 12, 2000. PageID 93, 177-83. In May 2009, ALJ Amelia Lombardo issued a written decision finding Plaintiff could no longer perform his past

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.
[2]Hereafter, citations to the electronically-filed administrative record will refer only to the PageID.

relevant work, but could nonetheless perform a number of other jobs in the regional economy. PageID 93-101. As such, both of Plaintiff's disability applications were denied. Thereafter, the Appeals Council denied review, *see* PageID 102-07, and no appeal was filed in this Court under 42 U.S.C. § 405(g).

On June 18, 2009, Plaintiff filed new applications for SSI and DIB, alleging disability due to diabetes, hypertension, anemia and problems with his left hand and neck. PageID 184-88, 211. Initially, Plaintiff listed May 1, 2008 as his alleged disability onset date. PageID 51. However, Plaintiff has since modified his alleged disability onset date to June 18, 2009, which is after his "date of last insured" for purposes of DIB. *Id.* Accordingly, Plaintiff's DIB claim is deemed waived, and the only issue before the Court is whether or not Plaintiff is entitled to SSI benefits from July 2009 onward. *See* 20 C.F.R. § 416.335; *Newsome v. Soc. Sec. Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004).

## B. Plaintiff's SSI Claim

Following initial administrative denials, Plaintiff received a hearing before ALJ Larry Parker in June 2011. PageID 65-88. In July 2011, ALJ Parker issued a written decision, concluding -- contrary to ALJ Lombardo two years prior -- that Plaintiff *could* perform his past relevant work, and thus is not "disabled." PageID 51-59. Specifically, ALJ Parker's findings, which represent the rationale of his decision, were as follows:

1. The claimant has not engaged in substantial gainful activity since June 18, 2009, the application date (20 CFR § 416.971 *et seq.*);

2. The claimant has the following severe impairments: essential hypertension; diabetes mellitus; and other polyarthropathies (20 CFR § 416.920(c));

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR

      Part 404, Subpart P, Appendix 1 (20 CFR §§ 406.920(d), 416.925 and 416.926);

4. After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity ["RFC"] to perform the full range of light work as defined in 20 CFR § 416.967(b)[3];

5. The claimant is capable of performing past relevant work as an Offset Press Operator. This work does not require the performance of work related activities precluded by the claimant's [RFC] (20 CFR § 416.965); [and]

6. The claimant has not been under a disability, as defined in the Social Security Act, since June 18, 2009, the date the application was filed (20 CFR § 416.920(g)).

PageID 53-58. Thereafter, the Appeals Council denied Plaintiff's request for review of ALJ Parker's non-disability finding. PageID 41-43. Plaintiff then filed this timely appeal in March 2012. Doc. 2.

## II. APPLICABLE LAW

### A. Substantial Evidence Standard

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

---

[3]The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. *Id.*

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis – may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.  "Disability" Defined

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920. Although a dispositive finding at any step ends the ALJ's review, *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

    2.        Does the claimant suffer from one or more severe impairments?

    3.        Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

    4.        Considering the claimant's RFC, can he or she perform his or her past relevant work?

    5.        Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

### III. ANALYSIS

Before addressing Plaintiff's arguments, a brief history of the relevant administrative proceedings bears repeating. In May 2009, ALJ Lombardo determined that Plaintiff's RFC was limited to light work with one restriction: "frequent handling and fine manipulation with the nondominant left hand." PageID 98. The VE testified before ALJ Lombardo that Plaintiff has past relevant work as a press operator and groundskeeper, and both jobs were classified at the medium exertional level. *See* PageID 99; *see also* note 3, *supra*. Thus, ALJ Lombardo found -- that based on Plaintiff's RFC of a reduced range of light work -- Plaintiff could not perform his past relevant work. *Id.* ALJ Lombardo then proceeded to Step Five of the five-step sequential analysis, and found that a significant numbers of other jobs exist in the national economy which Plaintiff can perform. PageID 100-01.

In contrast, ALJ Parker determined, two years later, that Plaintiff retains the RFC to perform a full range of light work (*i.e.*, he failed to include the left hand restriction in ALJ

Lombardo's RFC finding).[4] PageID 54-58. A VE testified before ALJ Parker that Plaintiff's previous press operator job was classified at the light exertional level, and Plaintiff could perform that job. *See* PageID 83-85. Based on that VE testimony, ALJ Parker found that Plaintiff was capable of performing his past relevant work, and therefore stopped at Step Four of the five-step sequential analysis. *See* PageID 58.

On appeal, Plaintiff argues that ALJ Parker erred by making findings inconsistent with ALJ Lombardo's previous findings without explaining his basis for doing so. *See* doc. 8 at PageID 594-96. Plaintiff specifically contends ALJ Parker violated the Sixth Circuit's decision in *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997).[5] *See id.*

### A.

In *Drummond*, as in the present case, the claimant had filed multiple applications for Social Security disability benefits, resulting in contradicting RFC determinations. *See Drummond*, 126 F.3d at 838-39. The first ALJ found that the claimant was limited to sedentary work, but the subsequent ALJ found she was capable of performing medium work. *Id.* The Sixth Circuit adopted the claimant's argument that the doctrine of *res judicata* required the second ALJ to adopt the first ALJ's RFC finding. *Id.* at 842. To escape the application of *res judicata*, the Sixth Circuit held, it is the Commissioner's burden to show an improvement in the claimant's condition. *Id.* Following the Sixth Circuit's decision in *Drummond*, the

---

[4]Additionally, ALJ Parker failed to adopt ALJ Lombaro's findings concerning Plaintiff's severe impairments -- *e.g.*, degenerative disc disease of the cervical and lumbosacral spine and residual impairments from left forearm surgeries. PageID 53-54, 96.

[5]In addition, Plaintiff raises an argument related to a stroke he suffered just prior to his hearing before ALJ Parker. *See* PageID 77. He argues ALJ Parker failed to find that that his stroke-related cognitive deficits, alone or in combination, constitute a severe impairment at Step Two. Recognizing that the Court is recommending reversal of ALJ Parker's non-disability analysis, *see infra*, and that the ALJ will thus need to again conduct the five-step sequential disability analysis on remand, the merits of this argument need not be reached at this time. Those impairments shall be appropriately considered by the ALJ at Step Two on remand.

Commissioner issued Acquiescence Ruling 98-4(6) mandating that ALJs adopt a prior assessment of a claimant's RFC (and other findings made as part of a sequential evaluation) absent "new and material evidence" to the contrary.  AR 98-4(6), 1998 SSR LEXIS 5, at *8-9.

The Commissioner acknowledges ALJ Parker's error in failing to discuss ALJ Lombardo's findings, but argues the error was harmless. Doc. 10 at PageID 607-08.  The Court agrees.  ALJ Parker's hypothetical question to the VE during the hearing -- which included a restriction of "frequent…handling, gross manipulations, and fingering" on the left side -- adequately incorporated ALJ Lombardo's RFC finding, and the VE testified that Plaintiff could still perform his previous press operator job with such a restriction.  *See* PageID 84-85.  Accordingly, the result would have been the same even had ALJ Parker adopted ALJ Lombardo's RFC finding.

## B.

Nonetheless, the Court finds that ALJ Parker did, in fact, err in reaching a conclusion different from ALJ Lombardo.  Although not specifically discussed in the parties' memoranda, the Court finds the Sixth Circuit's decision in *Dennard v. Secretary of Health & Human Services*, 907 F.2d 598 (6th Cir. 1990) (*per curiam*) -- upon which the Sixth Circuit relied in *Drummond* -- applies to this case.  In *Dennard*, the claimant had similarly filed multiple applications for Social Security disability benefits, and received conflicting decisions from the two ALJs.  The first ALJ determined that the claimant was limited to sedentary work and therefore could not perform his past relevant work -- classified at the heavy exertional level.  *Id.* at 599.  However, the second ALJ reached the opposite conclusion: he classified the same jobs as sedentary to light, and determined that the claimant was capable of performing those jobs.  *Id.*  The Sixth Circuit reversed the Commissioner's decision on the grounds that the second ALJ

improperly "reconsidered the nature and exertional level of his former jobs," and was precluded, under collateral estoppel principles, from reevaluating whether the claimant could perform his past relevant work.[6] *Id.* at 600. Accordingly, the Sixth Circuit remanded the matter to the Commissioner "to determine whether [the claimant] is disabled in light of the prior determination that he could not return to his previous employment." *Id*.

The same analysis applies here. The doctrine of collateral estoppel precluded ALJ Parker from reconsidering whether Plaintiff could return to his previous employment. This matter should therefore be remanded to the Commissioner for additional proceedings. *Accord Dennard*, 907 F.2d at 600; *Ferguson v. Astrue*, No. 3:10-0936, 2011 WL 3566366, at *11-13, 2011 U.S. Dist. LEXIS 90805, at *31-36 (M.D. Tenn. Aug. 15, 2011). On remand, the Commissioner shall conduct anew the sequential disability analysis, and reconsider Plaintiff's application in a manner consistent with the Sixth Circuit's decisions in *Dennard* and *Drummond* by giving full credit to ALJ Lombardo's findings, where appropriate, in light of those cases.

### IV. RECOMMENDATION

Based upon the foregoing, **IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED;**

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

May 24, 2013          s/ **Michael J. Newman**
United States Magistrate Judge

---

[6] *Res judicata* and collateral estoppel are related, but distinct, concepts. *Drummond*, 126 F.3d at 840. Both "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* "*Res judicata* bars the relitigation of the same claim or cause of action while collateral estoppel bars the relitigation of the same issue." *Id.*

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).