IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRADLEY MOORE,            Case No. 3:12-CV-76

    Plaintiff,             District Judge Thomas M. Rose
                           Magistrate Judge Michael J. Newman
v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION[1]

This case is before the Court pursuant to Plaintiff's timely-filed motion for an award of $3,879.70 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 14. The Commissioner does not oppose Plaintiff's motion. *See* doc. 15 at PageID 694.

### I.

EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). A party who wins a Sentence Four remand is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). EAJA fees are payable to the litigant. *Astrue v. Ratliff*, 560 U.S. ___, 130 S. Ct. 2521, 2524 (2010).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## II.

On June 12, 2013, District Judge Thomas M. Rose issued an Entry and Order in which he reversed the ALJ's non-disability finding, and remanded this matter to the Commissioner under Sentence Four for additional administrative proceedings.  Doc. 12.  Accordingly, Plaintiff is the prevailing party in this case for EAJA purposes, and is therefore entitled to an award of attorney's fees under EAJA.  *See Shalala*, 509 U.S. at 301-02.

Plaintiff's counsel advises the Court that he worked 22.0 hours on this matter.  Doc. 14 at PageID 624.  Counsel claims an hourly rate of $176.35, *see id.*, which is not challenged by the Commissioner.  Having reviewed the time sheet entries and exhibits submitted by Plaintiff's counsel, and considering the nature of the work counsel performed in this matter, the Court finds the requested fee reasonable.  *Compare Kash v. Comm'r of Soc. Sec.*, No. 3:11-cv-44, 2012 U.S. Dist. LEXIS 106215, at *3-9, 2012 WL 3112373, at *2-3 (S.D. Ohio July 31, 2012) (Newman, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 118971, at *1, 2012 WL 3636936, at *1 (S.D. Ohio Aug. 21, 2012) (Rice, J.) (finding an hourly rate of $176.36 reasonable in an EAJA fee application).  Accordingly, Plaintiff is entitled to an EAJA fees award in the amount of $3,879.70.

## III.

Based upon the foregoing, **IT IS RECOMMENDED THAT**:

1. Plaintiff's unopposed motion for EAJA fees (doc. 14) be **GRANTED**, and Plaintiff be **AWARDED** the sum of $3,879.70 in EAJA fees; and

2. As no further matters remain pending for review, this case remain **TERMINATED** upon the Court's docket.

September 23, 2013                                                            s/ **Michael J. Newman**
                                                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).